```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:04-CR-96 |
| | ) | |
| DR. DAVID D. CHUBE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Remain on Bond Pending Sentencing, filed by Dr. David D. Chube, II, on May 23, 2006. For the reasons set forth below, this motion is **DENIED**. Defendant is **ORDERED** to report to the United States Marshal Service as previously ordered.

On May 1, 2006, Defendant was convicted of six felony counts and was subject to detention under Title 18 U.S.C. section 3143(a)(2). Although section 3143(a)(2) is a mandatory detention provision, a person subject to such detention may be released if: (1) he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

While not relying specifically on section 3145(c), this Court found exceptional reasons existed on May 1 to allow Defendant to

remain on bond for 30 days.  Specifically, this period of time was to allow for the transition of his medical practice and patients.

The allotted 30 days is nearly complete, and Defendant has filed the instant motion asserting that exceptional circumstances continue to exist that warrant his remaining on bond pending sentencing.  This Court disagrees.  To be clear, the only exceptional circumstance presented in this case was the need for the transition of the medical practice and well-being of the patients.  Even though Defendant represents the transition is not complete, it must certainly be nearing completion.  Moreover, Dr. Charles Randall Chube, a partner in Defendant's medical practice and a co-defendant in this case, has been granted permission to remain on bond pending sentencing.[1]  One of the main reasons Dr. Charles Randall Chube was allowed to remain on bond was so that he could take care of Defendants' patients and make any necessary transition of the medical practice.  Surely, Dr. Charles Randall Chube  has the ability and time (as sentencing is set for September of this year) to wrap up the transition.  Therefore, Defendant has failed to clearly show that there are exceptional circumstances to warrant his remaining on bond pending sentencing.

**DATED:  May 25, 2006**                                **/s/RUDY LOZANO, Judge**
                                                        **United States District Court**

---

[1] As the parties are aware, Dr. Charles Randall Chube was not subject to detention pursuant to section 3143(a)(2).