```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


UNITED STATES OF AMERICA,          )
                                   )
Plaintiff,                         )
                                   )
vs.                                )   NO. 2:04-CR-96
                                   )
DAVID DEMARET CHUBE II, M.D. and   )
CHARLES RANDALL CHUBE, M.D.,       )
                                   )
Defendants.                        )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Motion for Release Pending Appeal; and (2) Request for Oral Argument, both filed by Defendants, David Demaret Chube II and Charles Randall Chube, on October 23, 2006. For the reasons set forth below, the motions are **DENIED**.

BACKGROUND

On May 1, 2006, Defendants, Drs. David Demaret Chube II ("David Chube") and Charles Randall Chube ("Charles Chube"), were convicted by a jury of numerous controlled substance-related offenses. Charles Chube was convicted on Count 10 of the superseding indictment charging him with distributing Vicodin, a Schedule III controlled substance, and Xanax, a Schedule IV controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in

violation of 21 U.S.C. section 841(a)(1). His co-Defendant, David Chube, was convicted of six felony offenses: (1) Count 5 of the superseding indictment charging him with distributing Oxycontin, a Schedule II controlled substance outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. section 841(a)(1); (2-4) Counts 10, 11, and 12 of the superseding indictment charging him with distributing Vicodin, a Schedule III controlled substance, and Xanax, a Schedule IV controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. section 841(a)(1); and (5-6) Counts 20 and 21 of the superseding indictment charging him with health care fraud, in violation of 18 U.S.C. section 1347.

On September 28, 2006, the Defendants were sentenced. Charles Chube was sentenced to a 60-month term of imprisonment on Count 10. David Chube was sentenced to a 188-month term of imprisonment: a 188-month term of imprisonment on Count 5; a 60-month term of imprisonment on each of Counts 10, 11 and 12; and a 120-month term of imprisonment both Counts 20 and 21; all terms to be served concurrently. Defendants are currently both in custody.

Defendants filed their notice of appeal on October 3, 2006. In the instant motion, Charles Chube argues that he is entitled to be released from custody pending appeal pursuant to Title 18 U.S.C. section 3143(b)(1). Similarly, David Chube argues that he is entitled

-2-

to be released pending appeal pursuant to Title 18 U.S.C. sections 3143(b)(1) and 3145(c).

DISCUSSION

Under section 3143(b), a defendant that has been found guilty of an offense and sentenced to a term of imprisonment, such as Charles Chube, is to be detained pending appeal unless the Court finds: (1) that the defendant is not likely to flee if released; (2) that the defendant does not pose a danger to the safety of any other person or the community if released; (3) that the appeal is not for the purpose of delay; and (4) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of incarceration less than the time he would spend in prison while his appeal is decided. 18 U.S.C. § 3143(b)(1).

David Chube was convicted of a Controlled Substances Act offense that carries a maximum sentence of 10 years or greater. As a result, he must not only show that he satisfies the four conditions of section 3143(b)(1), but he must also "clearly show[] that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3143(b)(2); 18 U.S.C. § 3145(c).

The first two section 3143(b)(1) inquiries — likelihood of flight and danger to the community — are not in question. The Court has previously found, and the Government does not dispute, that Defendants

do not appear to be a flight risk or a danger to the community. Neither does the Court have any reason to believe that the appeal is taken for the reason of delay.

Focusing on the fourth element, then, there is a 2-part inquiry that must be undertaken to determine whether an appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of incarceration less than the time they would spend in prison while his appeal is decided. First, Defendants must show that the appeal presents a "substantial issue." An issue is substantial if it presents a "close question or one that very well could be decided the other way." *United States v. Shoffner*, 791 F.2d 586, 588 (7th Cir. 1986). If the appeal presents a substantial issue, Defendant must then go on to demonstrate that the substantial issue will likely affect the validity of the conviction. *Id*. Ultimately, Defendant must do more than show that an error occurred at trial, he must persuade this Court that "the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." *United States v. Bilzanich*, 771 F.2d 292, 298 (7th Cir. 1985).

To merit Defendants' release, pursuant to section 3143(b), the Court must actually find that Defendants raise a substantial issue that will affect the validity of the conviction. Defendants set forth that there are two substantial questions of law that merit their

-4-

release pending appeal.  First, Defendants argue, "[t]he government conflated the civil standard of care with the criminal conviction standard."  Second, Defendants complain that Dr. Parran's opinions as to whether the prescriptions were issued for "a legitimate medical purpose" were improper.  These are not novel questions, both of which were raised and considered pre-trial and at trial.  In addition, the Court undertook a preliminary examination of Defendants' arguments to rule on Charles Chube's Motion to Delay Reporting Date (DE# 181).  Upon this Court's prior review of these issues, the Court found neither of them to be substantial, as that term is defined in a section 3143(b) analysis.  *See* October 25, 2006 Order (DE# 186).  Upon further review of Defendants' arguments and the record as a whole, the Court's persuasion has been unchanged and is still left with the firm impression that neither issue is likely to result in any material benefit to Defendants on appeal.

 Notably, there has been no indication that the jury instructions tendered in this case contained any legal errors.  Those instructions informed the jury that to convict the Defendant doctors of unlawful distribution of controlled substances, they must find that Defendants intentionally distributed a controlled substance without legitimate medical purpose and outside the course of professional practice.  It is undisputed that this is the correct legal standard to be applied.  Thus, the Court presumes that the jury's verdict in this case, with respect to the drug distribution counts, reflects its conclusion that

-5-

Defendants knowingly or intentionally distributed controlled substances without a legitimate medical purpose and outside the course of medical practice. *See United States v. O'Neill*, 116 F.3d 245, 249 (7th Cir. 1997)("We presume that juries understand and follow jury instructions."). These are the same essential elements the Court relied upon at sentencing regarding relevant conduct.

Charles Chube has recently supplemented this motion adding an additional alleged "substantial issue" that will affect the validity of his conviction. Count 10 charged both Defendants with illegally distributing Vicodin and Xanax to patient JT on January, 14, 2002. Charles Chube's argument simply centers around his review of the patient chart, from which he concludes that it was David Chube who saw JT on that date. He claims that because David Chube saw JT on that date, there was no evidence upon which a jury could reasonably conclude that he was guilty of Count 10, the only offense for which he was convicted. Not only does Charles Chube's bare-bones argument fail to convince that Court that a rational jury could not have returned a guilty verdict against him for the principal offense, but Charles Chube was also charged with aiding and abetting the offense. *United States v. Fauls*, 65 F.3d 592, 599 (7th Cir. 1995)(noting that the elements of aiding and abetting include "knowledge of the crime being aided and abetted, a desire to help the activity succeed and some act of helping."). Therefore, assuming Charles Chube is factually correct that David Chube saw JT on January 14, 2002, this

-6-

fact alone does not raise a substantial issue that would likely lead to a reversal of his conviction of Count 10.

Ultimately, the Court cannot find that Defendants' appeals raise a substantial question that will likely result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of incarceration less than the time he would spend in prison while their appeals are decided. The Court does not find any reason to hold an oral argument on these issues.[1]

CONCLUSION

For the reasons set forth above, the motions are **DENIED**.

**DATED: December 18, 2006**       /s/RUDY LOZANO, Judge
                                   **United States District Court**

---

[1] Not only does the Court find no reason to hold an oral argument, but it appears as though Defendants no longer request such. On the morning of December 12, 2006, this Chambers received a telephone message on its answering machine purportedly from defense counsel, Karen Freeman-Wilson, withdrawing her request for oral argument. Withdrawing a motion by phone is the wrong choice of medium. In the future, any such matters should be in writing.