IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:04-CR-96 |
| ) | |
| DR. DAVID DEMARET CHUBE, II, ) | |
| M.D. and DR. CHARLES RANDALL ) | |
| CHUBE, M.D., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the issue of whether the Government will be permitted to present a new expert witness and accompanying testimony at Defendants' resentencing, contained in the Government's Response to September 29, 2008, Court Order, filed on October 10, 2008.  For the reasons set forth below, the Government will not be permitted to present a new expert witness at Defendants' resentencing hearing.

Because the Government will not be permitted to supplement the record with a new expert witness, the Government should be able to file its resentencing brief regarding attributable relevant conduct shortly - and is **ORDERED** to do so by December 5, 2008.  Defendants shall file their respective response briefs by December 12, 2008.

-1-

Also, it can not go unnoticed that Defendants have filed a motion for release pending resentencing. The Government opposed this motion based primarily on its new expert's review of a number of prescriptions at issue. However, it has now been determined that the new expert's testimony is inadmissible. As such, the Government is **ORDERED** to file a new response to Defendants' motion for release on or before November 25, 2008. Defendants, reply, if any, shall be filed on or before December 3, 3008.

**Defendants' resentencing hearing shall take place on January 9, 2009, at 10 a.m.**

BACKGROUND

On September 8, 2008, the Seventh Circuit Court of Appeals affirmed the convictions of David Demaret Chube II and Charles Randall Chube, but vacated their sentences and remanded for resentencing. The Seventh Circuit issued its mandate on September 10, 2008. In its opinion, the Seventh Circuit found that this Court's findings regarding relevant conduct were insufficient. In its opinion, the Seventh Circuit held that "[f]or a prescription to be included in relevant conduct, the court must evaluate the facts surrounding that particular prescription and explain why those facts render it unlawful." *United States v. Chube* II, 538 F.3d 693, 705 (7th Cir. 2008).

After receiving the mandate, this Court issued an order

-2-

requiring the parties to propose a briefing schedule regarding relevant conduct for sentencing.  In response, the Government notified the Court and Defendants that it planned to retain and rely on the opinions of a new expert witness at Defendants' resentencing. As such, the Government requested to be given up to and including November 26, 2008, in which to file its brief.  Defendants have objected to the Government's anticipated use of a new expert and to the idea of presenting any new evidence at resentencing.

Thus, this Court must decide the threshold question of whether the Government is entitled to supplement the record on resentencing in order to meet its burden of establishing relevant conduct in this case.  As explained below, the Government is not.

DISCUSSION

The decision to allow a party to present new evidence at a remanded sentencing hearing presents a question of law.  *United States v. Sumner*, 325 F.3d 884, 888 (7th Cir. 2003).  Unfortunately, this question has no clear answer in this Circuit.

On a number of occasions, the Seventh Circuit has determined that after a sentence is vacated, "the district court is still operating on a clean slate in the sense that it can consider de novo any open issues" on resentencing.  *United States v. Polland*, 56 F.3d 776, 779 (7th Cir. 1995)(allowing new arguments to be made on remand after original sentence vacated due to court erroneously imposing

obstruction of justice enhancement); *United States v. Angle*, 216 Fed. Appx. 557 (7th Cir. 2007)(allowing new evidence to be presented on remand after prior sentence was vacated due to court failing to make required reliability findings); *United States v. Barnes*, 948 F.2d 325, 330 (7th Cir. 1991)(allowing defendant the right to address the court on remand after original sentence was vacated to ensure improper hearsay did not taint sentencing proceeding). This clean slate theory allows the presentation of new argument and evidence on remanded sentencing issues.

Although the clean slate theory has never been explicitly overruled, this Circuit has also determined that when a sentence is vacated and the district court's ruling is reversed and remanded due to insufficiency of the evidence supporting the ruling, the party bearing the burden of proof is not entitled to present new evidence at the resentencing to meet its burden. *United States v. Noble*, 367 F.3d 681, 682 (7th Cir. 2004)(finding that district court erred in allowing government to present new evidence at resentencing); *United States v. Wyss*, 147 F.3d 631, 633(stating that the government had only one opportunity to prove drug quantity for sentencing purposes); *United States v. Hagenow*, 487 F.3d 539, 543 (7th Cir. 2007)(acknowledging *Wyss* and *Noble*, but finding special circumstance existed to permit submission of additional evidence). In this line of cases, the district court is permitted only to "take a fresh look at the evidence already before it"; it cannot consider new evidence.

-4-

*United States v. McGowan*, No. 07-4073, 2008 WL 2821390, *1 (7th Cir. 2008).

This is not the first district court to struggle with the apparent conflict in this Circuit as to whether or not new evidence may be submitted at a resentencing hearing. See *United States v. Roach*, No. 00 CR 411, 2003 WL 21183997 (N.D. Ill. May 20, 2003). In *Roach*, Judge Kennelly discussed the perceived discrepancies in the law and ultimately found that "*Wyss* has effectively overruled *Polland*." *Id.* at *4. Applying *Wyss*, Judge Kennelly reasoned that "if a sentencing factor or departure motion is fully litigated in the district court, and the district court's ruling is reversed due to insufficiency of the evidence supporting the ruling, then the party bearing the burden of proof is not entitled to an opportunity to correct the defect on remand . . .." *Id.* If the *Polland* and *Wyss* opinions are truly in conflict, then this Court would side with Judge Kennelly.

However, this Court is not convinced that there is an inherent conflict between *Pollard* and *Wyss*. It seems as though these two lines of reasoning can be reconciled. In *Pollard* and its progeny, the court of appeals vacated the defendant's sentence and remanded due to the district court making an error of law in a ruling related to sentencing. This was the case in *Pollard,* where the sentence was vacated and remanded due to the district court erroneously imposing an obstruction of justice enhancement. 56 F.3d at 777. This was

-5-

also the case in *Barnes*, where the sentenced was vacated and remanded because of concerns that the district court may have improperly relied on hearsay statements at sentencing. 948 F.2d at 328. So too was this the scenario in *Angle*, where the sentence was reversed and remanded so that the district court could make reliability findings on the evidence of uncharged conduct. 216 Fed. Appx. at *4-5. On remand in each of these cases, the district court was allowed to accept new evidence and argument to resolve the remanded sentencing issues.

In *Wyss* and its progeny, the vacation of the sentence and remand was a result of the Government presenting insufficient evidence supporting the district court's ruling. 147 F.3d at 633; *McGowan*, 2008 WL 2821390 at *1; *Hagenow*, 487 F.3d at 542-43; *Noble*, 367 F.3d at 682. On remand, the district courts were all prohibited from accepting new evidence and argument on the remanded issue, absent special circumstances. The reasoning behind this line of cases was to keep the Government from having a second opportunity to meet its burden of proof when it could have, and should have, done so at the initial sentencing hearing.

Here, the Seventh Circuit vacated Defendants' sentences and remanded the case so that this Court can make a determination as to whether or not the Government carried its burden of establishing that the prescriptions in the 98 patient files were unlawfully given and, therefore, attributable to Defendants as relevant conduct.

-6-

*Chube II*, 538 F.3d at 705. Because the reason for the vacation of Defendants' sentences revolves around whether the Government sufficiently carried its burden, this case falls into the *Wyss* line of reasoning. Accordingly, the Government is not permitted to present new evidence at Defendants' resentencing.[1]

While this Court finds that the general principle in *Wyss* applies, this general principle could be altered by the scope of the Seventh Circuit's remand. *United States v. Buckley*, 251 F.3d 668, 669 (7th Cir. 2001)(noting that the scope of remand is determined by the order of remand). If the Seventh Circuit wanted, expected or allowed the parties to submit new evidence, it would be apparent in the remand order. In this case, the scope - gleaned from the context of the entire opinion - seems to contemplate that no new evidence will be presented on resentencing. This conclusion is highlighted by the following directive:

> When the district court revisits relevant conduct on remand, it must explain its findings with respect to each patient and make a reasoned determination whether or not the Government has carried its burden of establishing that each prescription was dispensed outside the scope of medical practice and without a legitimate medical purpose.

In line with its prior holding in *Wyss*, the Seventh Circuit seems to limit this Court to taking a new look at the evidence already before it and determining whether that evidence can carry the

---

[1] Notably, no special circumstances have been presented to warrant the presentation of new evidence.

-7-

Government's burden.

For the reasons set forth above, the Government will not be permitted to present a new expert witness at Defendants' January 9, 2009, resentencing hearing.

**DATED:  November 20, 2008**          /s/RUDY LOZANO, Judge
                                       **United States District Court**